UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00082-MR

| FREDRICK L. CANADY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU HUNEYCUTT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1], and Plaintiff's motion to proceed in forma pauperis [Doc. 2].

**I.     BACKGROUND**

Pro se Plaintiff Fredrick L. Canady ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On April 16, 2022, he filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his Eighth Amendment rights by their "failure to give [him] healthcare." [Doc. 1 at 2]. Plaintiff names FNU Huneycutt, identified as the Warden at Alexander, and Marilyn Gamewell and FNU Huffman, identified as healthcare providers at Alexander, as Defendants in this matter. [Id. at 1-2].

Briefly, Plaintiff seems to allege that in or around March 2022, after unsuccessfully seeking medical care by submitting emergency sick call requests, presumably for blood in his urine, he "had to" go on a seven-day hunger strike to obtain medical care. [Doc. 1 at 3; Doc. 1-1 at 1]. Plaintiff alleges that on March 3, 2022, Defendant Huffman told him that he did not have a life-threatening condition and that emergency treatment was, therefore, not available. [Doc. 1 at 5]. Plaintiff also alleges that on April 3, 2022, Nurse Gonzales collected a urine sample from Plaintiff for testing and that he has since been treated at UNC Hospital in May and June of 2022. [Doc. 1-1 at 3; Doc. 1 at 5-6]. As for Defendant Huneycutt, Plaintiff alleges that Plaintiff wrote him about his, Plaintiff's, issues and that Defendant Huneycutt failed to act on Plaintiff's request. [Doc. 1 at 5].

For relief, Plaintiff seeks declaratory relief, attorney fees and costs, and "other just and equitable relief." [Doc. 1 at 7]. Plaintiff asks the Court to grant this claim "under imminent danger of serious physical injury," [Id.], and to "over look the 'three strike' rule and grant Plaintiff complaint," [Doc. 1-1 at 4 (errors uncorrected)].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See

Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). Plaintiff asks the Court to "overlook" this three-strikes rule.

Plaintiff has filed at least nine (9) prior civil actions in this District that were dismissed under §§ 1915(e)(2), 1915A(b)(1), and/or 1915(g).[1] See Canady v. Parson, 3:12-cv-00042-RJC; Canady v. Johnson, 3:12-cv-00209-RJC; Canady v. Rorie, 3:12-cv-00419-RJC; Canady v. Williams, 3:13-cv-00028-RJC; Canady v. Beaver, 3:13-cv-00080-RJC; Canady v. Harris, 3:13-cv-00235-RJC; Canady v. Buswell, 3:13-cv-00250-RJC; Canady v. Davis, 3:13-cv-00302-RJC; Canady v. Russell, 3:14-cv-00151-FDW.

---

[1] Plaintiff has also filed two prior actions in this District that were dismissed for Plaintiff's failure to exhaust administrative remedies. See Canady v. Keller, 3:10-cv-00643-RJC; Canady v. Parsons, 3:12-cv-00683-RJC.

Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. Plaintiff alleges that he has already received treatment for the condition complained of. The Court, therefore, will dismiss Plaintiff's Complaint.

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Clerk's Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments will be vacated and Plaintiff will be reimbursed for any payment he has made toward the filing fee in this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's payment of the full filing fee pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED** and the Clerk's Order Directing Monthly Payments to be made from Plaintiff's prison account [Doc. 6] is **VACATED.**

The Clerk is instructed to send a copy of this Order to the Clerk's Financial Department for reimbursement of any filing fee paid by Plaintiff and to the North Carolina Department of Public Safety for processing relative to Plaintiff's account.

The Clerk is further instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: July 15, 2022

Martin Reidinger
Chief United States District Judge

5

Case 5:22-cv-00082-MR   Document 9   Filed 07/15/22   Page 5 of 5